IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON LAFLAMME, | No. C 11-02718 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL WITH LEAVE TO FILE SECOND AMENDED PETITION |
| vs. | |
| EVANS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at the Salinas Valley State Prison ("SVSP"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. The Court dismissed the petition with leave to amend, finding it failed to state cognizable claims. (See Docket No. 5.) Petitioner filed an amended petition and a memorandum of points and authorities in support thereof. (Docket Nos. 6 & 7.)

**BACKGROUND**

According to the petition, Petitioner pleaded guilty in San Francisco County Superior Court to second degree murder and the use of a knife. (Pet. 2.) In August 1982, Petitioner was sentenced to sixteen years to life in state prison. (Id.)

Order of Dismissal with Leave to Amend
02718LaFlamme_dwlta2.wpd

Petitioner appealed the conviction; the state appellate court affirmed the conviction and the state high court denied review in 1995. (Id. at 3.) Petitioner recently filed state habeas petitions, with the California Supreme Court denying review on May 11, 2011. (Pet. Attach.) Petitioner initiated the instant federal habeas action on June 6, 2011.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

In his original petition, Petitioner claimed that he "took a deal instead of going to trial" and that his situation is identical to that of In re Honesto, 130 Cal.App.4th 81 (2005), in which a prisoner filed a petition for a writ of habeas corpus on the grounds that the denial of parole was a violation of his plea agreement. (Pet. at 5; Docket No. 1.) Petitioner's second claim was that the "state courts should allow for equal judgment." (Id.) The Court found the claims were not cognizable as Petitioner failed to allege sufficient facts to support his claim that the denial of parole was a breach of his plea agreement, specifically, that he failed to describe the specific promise or agreement that induced his plea and how the denial of parole breached that agreement. (Docket No. 5.) Furthermore, Petitioner was also advised that in naming the Warden as the Defendant, he was required to describe how the Warden was a party to the plea bargain and how his actions resulted in the breach of

Order of Dismissal with Leave to Amend
02718LaFlamme_dwlta2.wpd                               2

the agreement. (Id.)

In his amended petition, Petitioner fails to correct the deficiencies from his original petition. Petitioner cites to state regulations and case law without giving specific facts showing how those regulations and case law apply, or have been incorrectly applied, *to his specific conviction and sentence* such that his continued confinement is unconstitutional. (Am. Pet. at 6.) At the least, he must state the facts of his conviction and sentence, including any recent denial of parole eligibility if applicable, and show how he is currently being confined in violation of federal or constitutional laws.

In support of his petition, Petitioner provides copies of a 1995 state habeas petition, which appears to be attacking his original conviction. (Docket No. 7, Attach. A.) Petitioner also provides copies of the relevant state court decisions denying his state petitions in 1996. It appears that he may be offering these documents to show that he exhausted his state remedies after the district court dismissed his first federal habeas petition filed in 1994, for failure to exhaust state judicial remedies. (See Case No. C-94-2834-VRW.)

However, if Petitioner is offering his state habeas petition intending to raise the claims therein in federal habeas, those claims appear to be untimely. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Here, it appears that the judgment became final soon after Petitioner's state habeas petition was denied by

1  the California Supreme Court on April 24, 1996.  (Docket No. 7, Attach. A.)
2  Petitioner did not initiate the instant federal habeas action until 2011, about 15 years
3  after the state high court's denial of his state petition.  Accordingly, to the extent that
4  Petitioner is attempting to raise the claims stated in his initial state habeas action,
5  they appear to be untimely unless tolling applies to excuse the extensive delay.  See
6  28 U.S.C. § 2244(d)(2).

In the interest of justice, Petitioner shall be given a second opportunity to file an amended petition to attempt to state cognizable claims and correct the deficiencies discussed above.  Petitioner is also advised that he should consider the timeliness of the claims he is attempting to raise in the instant federal habeas action pursuant to 28 U.S.C. § 2244(d)(1).

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED with leave to amend. Petitioner must, within **thirty (30) days** of the date this order is filed, file a second amended petition challenging the lawfulness of the state conviction for which he is currently incarcerated.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  The second amended petition must include the caption and civil case number used in this order, No. C 11-02718 EJD (PR), and must include the words **SECOND AMENDED PETITION** on the first page.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to Petitioner.**

The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

DATED:  2/16/2012



EDWARD J. DAVILA
United States District Judge

Order of Dismissal with Leave to Amend
02718LaFlamme_dwlta2.wpd                    4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DON LAFLAMME,

        Petitioner,

  v.

EVANS, Warden,

        Respondent.

Case Number: CV11-02718 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/16/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Don LaFlamme C-52818
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960

Dated: 2/16/2012

        Richard W. Wieking, Clerk
        /s/By: Elizabeth Garcia, Deputy Clerk