IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON LAFLAMME, | No. C 11-02718 EJD (PR) |
| Petitioner, | ORDER OF PARTIAL DISMISSAL; GRANTING PETITIONER LEAVE TO FILE THIRD AMENDED PETITION |
| vs. | |
| EVANS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at the Salinas Valley State Prison ("SVSP"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. The Court twice dismissed the petition with leave to amend, finding the complaints failed to state cognizable claims. (See Docket Nos. 5 & 10.) Petitioner has filed a second amended petition ("SAC") and a memorandum of points and authorities in support thereof. (Docket Nos. 11 & 13.)

**BACKGROUND**

According to the SAC, Petitioner pleaded guilty in San Francisco County Superior Court to second degree murder and the use of a knife. (SAC. 2.) On September 1, 1982, Petitioner was sentenced to sixteen years to life in state prison.

Order of Partial Dismissal; Leave to File Third Amended Petition
02718LaFlamme_dwlta3.wpd

1 (Id.)

2 According to the SAC, Petitioner appealed the conviction; the state appellate court affirmed the conviction and the state high court denied review in 2011. (Id. at 3.) Petitioner also alleges that he filed a petition for a writ of certiorari in the United Sates Supreme Court raising good time credits and parole claims. (Id. at 4.) Petitioner initiated the instant federal habeas action on June 6, 2011.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

The Court found that Petitioner failed to correct the deficiencies from his original petition in his amended petition. Petitioner cited to state regulations and case law without giving specific facts showing how those regulations and case law apply, or have been incorrectly applied, *to his specific conviction and sentence* such that his continued confinement is unconstitutional. (Am. Pet. at 6.) Petitioner was provided a second opportunity to file an amended petition to attempt to state cognizable claims and correct these deficiencies.

In the SAC, Plaintiff claims "new evidence allowing Petitioner release from prison" pursuant to In re Honesto, 130 Cal.App.4th 81 (2005), in which a prisoner filed a petition for a writ of habeas corpus on the grounds that the denial of parole was a violation of his plea agreement. (SAC 6.) Again, this claim is deficient

because Petitioner fails to allege sufficient facts showing that the denial of parole was a breach of his plea agreement, specifically, he fails to describe the specific promise or agreement that induced his plea and how the denial of parole breached that agreement.  Petitioner has been given two opportunities to correct this deficiency and has failed to do so.  Accordingly, this plea agreement claim is DISMISSED for failure to state a claim.

Petitioner's second claim is that his petition was never entertained by state or federal courts, such that the state has "failed to treat him similarly as any petitioner" under Plyer v. Doe, 457 U.S. 202 (1982).  The Equal Protection Clause prohibits the arbitrary and unequal application of state law by the same court.  A state court may not, for example, afford one person (other than litigant whose case is vehicle for promulgation of new rule) the retroactive effect of a ruling on state constitution's right to impartial jury while denying it to another.  See Myers v. Ylst, 897 F.2d 417, 421 (9th Cir.) (California Supreme Court simultaneously afforded one petitioner retroactive effect of a ruling while denying that benefit to another petitioner with nearly identical evidence and facts), cert. denied, 498 U.S. 879 (1990).  Myers v. Ylst concerns arbitrary and unequal application of state law by the same court (and panel) and should not undermine, however, settled precedent that mere error in application of state law does not give rise to a federal habeas claim.  See Alford v. Rolfs, 867 F.2d 1216, 1219 (9th Cir. 1989).  Here, Petitioner only makes general allegations and fails to allege facts showing specifically how and when the state courts treated him unequally from other litigants.  For example, he claims "his petition was never entertained" but does not specify what petition or where it was filed, or how or which state court acted to deprive him of equal protection.  Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

Plaintiff's third claim alludes to the "November 7, 1978 Voter Initiative," and appears to allege that his sentence is not being properly executed under state regulations. (Docket No. 13 at 3-4.)  However, Petitioner fails to allege how this

alleged violation of state law violates his rights under the Constitution or federal law to be a cognizable claim under § 2254. Accordingly, this claims DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED with leave to amend. Petitioner must, within **thirty (30) days** of the date this order is filed, file a third amended petition challenging the lawfulness of the state conviction for which he is currently incarcerated. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The third amended petition must include the caption and civil case number used in this order, No. C 11-02718 EJD (PR), and must include the words **THIRD AMENDED PETITION** on the first page.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to Petitioner. Petitioner is advised that this being the third dismissal with leave to amend, he should be careful to plead sufficient facts to support his claim and avoid making the same deficiencies as in his prior amended petitions.**

The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

DATED: 7/18/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DON LAFLAMME,

        Petitioner,

  v.

EVANS, Warden,

        Respondent.

Case Number: CV11-02718 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/19/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Don LaFlamme C-52818
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960

Dated: 7/19/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk